UNITED STATES of America,
Plaintiff-Appellant,

Charlie Ridley, Jr., et al., Plaintiffs-
Intervenors,

v.

The STATE OF GEORGIA et al.,
Defendants-Appellees.

(Baker County School District)

No. 72–1686.

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1972.

David L. Norman, Acting Asst. Atty. Gen., Brian K. Landsberg, Hugh J. Moore, Jr., Attys., Civil Rights Div., Dept. of Justice, Washington, D. C., John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for the United States.

Howard Moore, Jr., Elizabeth R. Rindskopf, Atlanta, Ga., Jack Greenberg, New York City, for intervenors.

Alfred L. Evans, Jr., Asst. Atty. Gen., Atlanta, Ga., for the State of Georgia.

Frank S. Twitty, Sr., Camilla, Ga., for Baker County School District.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

This is the fourth in a series of appeals in the Georgia statewide school desegregation case involving 81 Georgia school districts. The statewide case was filed and is pending in the United States District Court for the Northern District of Georgia before a District Court composed of three Judges, namely, Judges Smith, Edenfield and Henderson.

The present case involves the appeal of the United States from a dismissal of its motion for supplemental relief in which it sought to join the Baker County Board of Education and others as parties defendants, alleging that the Board had sold a former public school building (at public auction) to one J.

R. Rhodes, who in turn transferred it to Baker Parents, Inc., operator of Baker Academy, an all-white segregated private school, thus frustrating desegregation of the public schools of that county. Rhodes was an incorporator of Baker Parents, Inc. The Government sought recision of the sale of the school property and that all aid by the school district to the Academy be enjoined. The District Court, without a hearing, denied the motion without prejudice to the right of the United States to proceed in the United States District Court for the Middle District of Georgia. The District Court disregarded the alternative suggestion of the United States that the claims against Baker County and other proposed added defendants be severed and transferred for hearing to the Middle District of Georgia pursuant to 28 U.S.C. § 1404(a). Baker County is situated in the Middle District of Georgia, Albany Division. The District Court held that the Government's motion was "inappropriate" for trial in the Northern District of Georgia since it is dependent upon testimony beyond the subpoena powers of the Court.

Subsequent to the filing of notice of appeal by the United States in this matter, private citizens of Baker County filed an action in the United States District Court for the Middle District of Georgia seeking the same relief as the Government had sought by its motion herein, and that suit is now pending in Wright, et al. v. Baker County Board of Education, et al., CA 1167, filed March 13, 1972. The United States has moved to intervene in that suit but its motion is pending on the docket of that Court and has not yet been heard or acted upon.

The motion of the United States obviously stated a cause of action, see Wright v. City of Brighton, Alabama, 5 Cir., 1971, 441 F.2d 447, cert. denied, Hoover Academy, Inc. v. Wright, 404 U.S. 915, 92 S.Ct. 228, 30 L.Ed.2d 190 (1971), and the District Court therefore erred in dismissing the Government's motion. Since the witnesses who will be required to testify in this case reside in Baker County, the District Court should have granted the Government's alternative suggestion for a severance of the case and transfer for hearing to the Middle District of Georgia pursuant to 28 U.S.C. § 1404(a), rather than dismiss the action.

The judgment of the District Court having been erroneously entered must be reversed and the cause remanded with directions to the District Court to sever this case and transfer it for hearing to the United States District Court for the Middle District of Georgia, Albany Division, pursuant to 28 U.S.C. § 1404(a).

Reversed and remanded with directions.