**Mrs. Norma J. WRIGHT et al.,**
**Plaintiffs-Appellants,**

v.

**BAKER COUNTY BOARD OF EDUCA-**
**TION et al., Defendants-Appellees.**

**UNITED STATES of America, Plaintiff,**
**Charlie Ridley, Jr., et al., Plaintiffs-**
**Intervenors,**

v.

**The STATE OF GEORGIA et al.,**
**Defendants.**

**No. 74–1483.**

United States Court of Appeals,
Fifth Circuit.

Sept. 5, 1974.

Elizabeth R. Rindskopf, John R. Myer, Atlanta, Ga., Jack Greenberg, Norman J. Chachkin, James C. Gray, Jr., New York City, for plaintiffs-appellants.

Frank S. Twitty, Sr., Camilla, Ga., for Baker County School District.

Peter Z. Geer, Albany, Ga., for defendants-appellees.

David L. Norman, Asst. Atty. Gen., Brian K. Landsberg, Atty., Civil Rights Div., Dept. of Justice, Washington, D. C., for United States.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

This case is concerned with the validity of the sale of a surplus public school building to a private all-white school. It began on the initiative of the United States on February 12, 1972 by the filing of a motion to add parties defendant and motion for supplemental relief and transfer of case (CA 1201). The United States sought an order rescinding the sale of the West Baker Elementary

School by the Baker County Georgia Board to Mr. J. R. Rhodes, who conveyed it to Baker Parents, Inc. Other relief was sought to enjoin the Board from selling, leasing, loaning or giving textbooks, material, equipment or aid to the Baker Academy, a private school operated by Baker Parents, Inc., and for an order enjoining the Board from taking any actions tending to impede or frustrate the District Court's orders requiring the desegregation of Baker County public schools.[1]

Thereafter, on March 13, 1972 (CA 1167), a separate action was filed by plaintiffs, Mrs. Norma J. Wright, et al., on behalf of themselves and minor children and others similarly situated, against defendants seeking the identical relief previously requested by the United States.

The two matters were consolidated, and on the day of trial a settlement conference was held with counsel resulting in an agreement for a consent decree which was concurred in by all parties except plaintiffs, Mrs. Norma J. Wright, et al. The proposed consent decree was presented to the District Court, and when plaintiffs objected thereto a hearing was held on the objections.

According to the proposed decree, Baker County Board and its Superintendent of Schools were enjoined from providing aid or assistance in any form to the Baker Academy or from taking any other steps which would interfere with the orderly desegregation of the public schools of Baker County. In the case of any future sale of real property the Board was required to insert a reversionary clause in the deed providing for a reversion of the property to the school district in the event a segregated school was established on the property. Defendant, Baker Parents, Inc., was ordered to desist from operating the segregated Baker Academy at the West Baker school facility, and further ordered permanently to vacate the school premises on or before June 15, 1974. The defendant was also ordered to attempt to sell the facility and disburse the proceeds, first to pay off outstanding indebtedness for capital improvements thereto, and second, to pay $6,000 of the remaining proceeds to the Baker County School District. Baker Parents, Inc. was also ordered not to use the proceeds to pay current operating expenses or indebtedness or past operating expenses until Baker County School District had been paid the sum of $6,000. Finally, defendant, Baker Parents, Inc., was directed to insert a reversionary clause in the deed of conveyance of the West Baker school facility providing for the reversion of the property to Baker Parents, Inc. in the event a segregated school was established or operated on the property.[2]

---

1. By our decision on August 14, 1972, sub. nom. U. S., Ridley v. Georgia (Baker Co. School Dist.), 466 F.2d 487, we reversed and remanded the decision of the District Court which had dismissed the motion of the United States for supplemental relief.

2. The pertinent parts of the decree of the District Court are reproduced as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the Baker County School District[1], its officers, agents,

1. This term refers to the Baker County School District, the Superintendent of Schools for Baker County and the Baker County Board of Education, all of whom have either been added as parties defendant in C.A. No. 1201 by the district court order of August 21, 1972 or named as parties defendant by private plaintiffs in

C.A. No. 1167. The requirements of this order are applicable to all of these parties.

employees, successors, assigns, and all persons acting in concert or participation with it are hereby enjoined from providing aid or assistance in any form (including, but not limited to, the transfer or loan of real or personal property or the provision of services) to the Baker Academy or any other private, segregated school or taking any other steps which would interfere with the orderly desegregation of the public schools of Baker County. In the case of any future sale or transfer of real property the defendant school district shall insert a reversionary clause in the deed of conveyance providing for the reversion of the property to the school district in the event that a segregated

Plaintiffs objected that the consent decree did not rescind the sale of the West Baker school building to Baker Parents, Inc., asserting that the court had a constitutional obligation to order the return of the school building to Bak-er County Board with the value of three years' use of the facility. Plaintiffs further objected that the proposed decree would permit Baker Academy to salvage its indebtedness and retain the remaining proceeds from the sale of the

school is established or operated on the property. For the purposes of this order, a school is segregated if it does not have both black students enrolled and black teachers employed to some significant extent, considering the racial composition of the area served by the school.

IT IS FURTHER ORDERED that the Baker Parents, Inc.,[2] its officers, agents,

[2] This term refers to the Baker Parents, Inc., and the members of the Board of Trustees of Baker Parents, Inc., who were added as parties defendant by the district court order of August 21, 1972 and named as parties defendant by private plaintiffs in C.A. No. 1167. As the record in this case indicates that of the original members of the Board of Trustees of Baker Parents, Inc., (Mrs. Oliver Jones, Arthur E. West, Bernard C. Palmer, J. R. Rhodes, Sr. and Luther Moore), Mrs. Oliver Jones, Arthur E. West, and Luther Moore are no longer members and have been replaced by Mrs. W. D. Drennon and J. W. Hendricks, the pleadings in C.A. No. 1201 and C.A. No. 1167 are hereby amended to reflect these changes. The requirements of this order are applicable to all of these parties.

employees, successors, assigns and all persons acting in concert or participation with it (hereinafter referenced as Baker Parents, Inc.) shall cease to operate the segregated Baker Academy or any other private, segregated school, at the former West Baker facility and shall permanently vacate the premises upon the completion of the 1973-74 school year, on or before June 15, 1974. After that date, the defendant Baker Parents, Inc., shall immediately attempt to sell the former West Baker facility and shall exercise due diligence in attempting promptly to obtain a purchaser for the property. The proceeds from the sale shall be disbursed as follows:

1. First, the proceeds shall be used to pay off the outstanding, secured indebtedness of the capital improvements made to the former West Baker facility by Baker Parents, Inc., prior to the filing of the motion and complaint in these cases, except for those capital improvements which are removable.

2. Second, all of the remaining proceeds from the sale, up to $6,000, shall be paid by Baker Parents, Inc., to the Baker County School District.

3. Third, the Baker Parents, Inc., shall not use the proceeds from the sale to pay current operating expenses or indebtedness on past operating expenses until the Baker County School District has been paid the complete sum of $6,000.

IT IS FURTHER ORDERED that within 15 days after the sale of the former West Baker facility, the Baker Parents, Inc., shall file with the Court, with copies served on all parties, a report indicating the following: (1) the date of the sale (2) the terms of the sale, including the name(s) and address-(es) of the purchaser(s) and the price paid for the property (3) the purpose(s) to which the property will be put by the purchaser(s) (4) a detailed list of all of the outstanding secured indebtedness for capital improvements made to the former West Baker facility which the Baker Parents, Inc., intends to pay off from the proceeds of the sale of the facility including (a) the name and address of each creditor (b) a description of each capital improvement (c) the date on which each capital improvement was completed (d) the total cost of each capital improvement and (e) the unpaid balance owed on each capital improvement. None of the proceeds of the sale shall be paid out by the Baker Parents, Inc., until 30 days after the filing of the above report. If the parties cannot reach agreement as to the proposed disposition of the proceeds of the sale, objections shall be made within 30 days of the filing of the report and a hearing will be scheduled to resolve any dispute. All parties shall be permitted appropriate discovery in accordance with the Federal Rules of Civil Procedure, and the Baker Parents, Inc., shall make no payment for any disputed expense until final resolution by the Court.

IT IS FURTHER ORDERED that the Baker Parents, Inc., shall insert a reversionary clause into the deed of conveyance of the former West Baker facility, providing for the reversion of the property to the Baker Parents, Inc., in the event that a segregated school, as previously defined above, is established or operated on the property. A verified copy of the deed of conveyance shall be filed with the report required above.

All prior orders in these cases not inconsistent with the provisions of the order shall remain in full force and effect.

school property after payment of outstanding indebtedness.

On January 4, 1974 the District Court concluded to enter the proposed consent decree as its judgment, and this appeal by plaintiffs, Mrs. Norma J. Wright, et al., followed.

The facts developed at the hearing show that pursuant to orders of the District Court the public schools of Baker County were to be integrated for the school year beginning September, 1970. Baker Parents, Inc. was incorporated July 8, 1970 to establish Baker Academy for its first year of operation in the 1970–1971 school year. There is little question that the private academy was a segregated school—all of its students and faculty were white—and that it was established to counteract the effects of court ordered desegregation of Baker County public schools. Mrs. Virginia Jones, wife of Baker County Board member Earl Jones, was selected as the Academy headmaster. Later Baker County Board member Earl Jones, at the February 2, 1971 meeting of the Board, moved that the West Baker School be declared surplus and sold at public auction.

Pursuant to Georgia law, Section 32–909, Georgia Code Annotated, the property was duly advertised and sold at public auction on March 2, 1971 at the courthouse door in Baker County to one J. R. Rhodes, the highest bidder, for the sum of $6,500. On March 19, 1971 Mr. Rhodes conveyed the school property to Baker Parents, Inc. for the sum of $6,500. He had purchased the school property as agent for the private school corporation. The Baker Board then declared as surplus the desks, books and equipment in the school property and sold it at a nominal price to the Academy. Eleven used buses were also sold through intermediaries to the Academy for use in transporting pupils to and from the school. In the school year 1971–1972 there was a large increase in enrollment of the Academy (from 38 to 316 pupils) and a corresponding decrease in enrollment of white pupils in Baker County Public Schools (from 220 to 107 pupils).

The school building involved was constructed in 1955 for the sum of $125,000. It was in good repair when sold. Defendant Baker Board, in answer to interrogatories, stated that its replacement cost would be $150,000. An expert for plaintiffs testified that the present value of the building is $250,000.

When the property was advertised for sale at public auction by the Baker Board the right was reserved by the Board to reject any and all bids. Despite this fact, the Board accepted the nominal bid of $6,500. It is apparent from the record that the Board cooperated in every possible way to assist the Academy, for it additionally provided the necessary desks, textbooks, equipment and school buses also at nominal cost. It is obvious that the Baker County Board may not constitutionally support a private, segregated, all-white school in this manner.

This case is, therefore, not similar to McNeal v. Tate County School District, 5 Cir., 1972, 460 F.2d 568, where the school board acted in good faith in disposing of a surplus school building. Here there was constitutionally impermissible cooperation by the Baker County Board with Baker Parents, Inc. and Baker Academy. The actions of the Board contributed substantially to impeding and interfering with previously ordered desegregation of the public schools of Baker County. Thus the case is governed by our previous holdings in Wright v. City of Brighton, 5 Cir., 1971, 441 F.2d 447, and United States v. State of Mississippi, 5 Cir., 1974, 499 F.2d 425.

Under the circumstances, the sale of the school property must be rescinded. Placing the parties back in their original position before the sale of the building, however, is impossible. To add to the confusion we are now informed by counsel, and it is undisputed, that Baker Academy closed its doors and ceased operations on February 28, 1974, and that

bankruptcy of Baker Parents, Inc. is contemplated. Picking up the pieces and trying to put them together now is much more difficult.

There seems to be no dispute as to that portion of the District Court's order which enjoined the Baker County Board and its Superintendent of Schools from providing aid or assistance in any form to the Baker Academy or from taking any other steps which would interfere with the orderly desegregation of the public schools of Baker County, and which ordered that in any future sale of real property the Board insert a reversionary clause providing for reversion of the property to the school district in the event of the establishment of a segregated school thereon, and which ordered Baker Parents, Inc. to desist from operating the segregated Baker Academy at the West Baker facility and permanently to vacate the premises on or before June 15, 1974. The District Court's decree in such respects must therefore be affirmed.

However, the following modification of the District Court's decree is required under the circumstances:

1. The sale of the West Baker School property by the Baker County Board of Education, title to which property is in Baker Parents, Inc., must be rescinded and the property re-conveyed to the School Board.

2. The purchase price of $6,500 paid by Baker Parents, Inc. must be returned, less an appropriate amount to be determined by the District Court, for rental of the property during the period of occupancy by the Academy.

3. Existing secured obligations against the property shall remain in full force and effect.[3]

4. Buildings erected on the property by Baker Parents, Inc. which are portable shall be removed by the owner.

It is necessary that the resolution of these details be committed to the supervision of the District Court. Accordingly, the case is remanded to the District Court.

Affirmed in part; modified in part; remanded for further proceedings.

---

3. No action was taken by the United States or the plaintiffs in opposition to the sale until nearly a year after it was made. It would be inequitable to deny recognition to those who hold secured obligations which were made during the interim.